IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ARREYGUE,

    Petitioner,                      No. 2:10-cv-1050 KJM JFM (HC)

    vs.

JAMES WALKER,

    Respondent.                   FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2009 prison disciplinary conviction for battery on an inmate causing serious injury. Petitioner claims there was insufficient evidence to support the conviction and that he was denied a fair hearing when the assigned investigative employee failed to ask three correctional officers questions presented by petitioner.

FACTS

        Petitioner was charged with battery on an inmate with a weapon following an incident that occurred on September 2, 2008 on the C-Facility Yard at California State Prison-Sacramento (CSP-Sacramento). Respondent's Ex. 2 at Ex. D. A Classification Staff Representative ordered the disciplinary reheard. Respondent's Ex. 2 at Ex. C. The rehearing

1

occurred on February 25, 2009, and petitioner was found guilty of the charge of battery on an inmate causing serious injury. Id. He was assessed 360 days loss of credits. Id. Petitioner filed an administrative grievance claiming, inter alia, insufficient evidence to support the conviction and inadequate assistance by the assigned investigative employee. Id. Petitioner's appeal was denied at each level at which it was reviewed in the administrative process. See Respondent's Ex. 2 at Ex. A.

Petitioner's request for habeas corpus relief in the California courts was also denied at each level of the state court system. See Respondent's Exs. 3, 6 and 7. The last reasoned rejection of his claims is the decision of the Sacramento County Superior Court. See id.

ANALYSIS

I. Standards for a Writ of Habeas Corpus

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle

from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (internal citations omitted) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

II. Petitioner's Claims

As noted above, petitioner raises two challenges to the disciplinary conviction. First, he contends that there is insufficient evidence to support the conviction. Second, he contends that the assistance provided by the assigned investigate employee was inadequate in that the investigative employee failed to present questions raised by petitioner to three correctional officers who were at the scene of the September 2, 2008 incident.

As noted above, the last reasoned state court rejection of petitioner's claims is the October 27, 2009 order of the Sacramento County Superior Court denying petitioner's petition for a writ of habeas corpus. The state court found "some evidence" to support the finding that petitioner was guilty of the rules violation, as follows:

> At the time that the offense was committed, CCR section 3005(c) read, in pertinent part: "Inmates shall not willfully commit or assist another person in the commission of a violent injury to any person or persons..." The standard for judicial review of a finding by a prison hearing officer is whether there is "some

evidence" to support the hearing officer's conclusion (*Superintendent v. Hill* (1985) 472 U.S. 445, 456-457; *In re Powell* (1988) 45 Cal.3d 894, 903-904). This standard is met if there was some evidence from which the conclusion of the hearing officer could be deduced. Ascertaining whether this standard is satisfied does not required examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. (*Superintendent v. Hill, supra,* at pp. 455-456.) Even just one piece of evidence may be sufficient to meet the "some evidence" requirement, if that evidence has "sufficient indicia of reliability." (*Bruce v. Ylst* (2003) 351 F.3d 1283, 1288; *Cato v. Rushen* (1987) 824 F.2d 703, 705 ["relevant question is whether there is any evidence in the record that *could* support the conclusion reached by the disciplinary board" (citing (*Superintendent v. Hill* (1985) 472 U.S. 445, 455-456)].)

In this case, petitioner was positively identified as being one of the aggressors during the altercation in that he was specifically observed to be punching and kicking at least one of the victims. The fact that petitioner did not receive any injuries while the two victims sustained multiple injuries supports his identification as an aggressor rather than a mutual combatant. This evidence is sufficient, under the some evidence standard, to support the SHO's finding. That petitioner was not shown to have used a weapon is irrelevant.

Respondent's Ex. 3, In the Matter of Michael Arreygue, Case No. 09F06686, slip op. at 1-2.

The superior court rejected petitioner's second claim on the grounds that applicable regulations "do no require that an IE ask prospective witnesses any of the questions requested by an inmate" and petitioner received the investigative employee's report in plenty of time to request the presence of any witnesses, including the three officers, and he chose not to do so. Id. at 2-3.

The United States Supreme Court has held that "[w]here a prison disciplinary hearing may result in the loss of good time credits, ... the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity ... to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff v. McDonnell, 418 U.S. 539,

563-67 (1974)).  In addition, the decision must be supported by "some evidence." Superintendent v. Hill, id.

After review of the record herein, including the original rules violation report and the investigative employee's report of an interview with staff witness Correctional Officer D. Blumenschein, the court finds that the state court's determination that there was some evidence to support the disciplinary conviction is fully supported by the record and that the state court's rejection of petitioner's due process claim that there was insufficient evidence to support the disciplinary conviction was based on a reasonable determination of the facts.[1]  Accordingly, petitioner's first claim should be denied.

Petitioner's second claim should also be denied.  A prison inmate only has a federal due process right to assistance in prison disciplinary proceedings if the inmate is illiterate or "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." Wolff, 418 U.S. at 570.  There is no evidence that either condition was present in the situation at bar.  The state court's rejection of this claim was consistent with the foregoing principle of United States Supreme Court jurisprudence.  Petitioner's second claim should be denied.

For all of the foregoing reasons, petitioner's application for a writ of habeas corpus should be denied.  Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The

---

[1] Petitioner argues that neither the reporting employee's description of the September 2, 2008 incident nor C/O Blumenschein's statement are contradicted by other evidence in the record.  However, as the state court correctly noted, in reviewing a prison disciplinary conviction courts "do not examine the entire record, independently assess witness credibility, or reweigh the evidence." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir.2003).

court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).  For the reasons set forth in these findings and recommendations, petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, no certificate of appealability should issue.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be denied; and

2. The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 12, 2012.

UNITED STATES MAGISTRATE JUDGE

12
arre1050.157