IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL ARREYGUE, | | |
| | Petitioner, | No. 2:10-cv-1050 KJM JFM (HC) |
| vs. | | |
| JAMES WALKER, | | ORDER AND AMENDED |
| | Respondent. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

      Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2009 prison disciplinary conviction for battery on an inmate causing serious injury. Petitioner claims there was insufficient evidence to support the conviction and that he was denied a fair hearing when the assigned investigative employee failed to ask three correctional officers questions presented by petitioner.

      By order filed May 7, 2010, this court set a briefing schedule on petitioner's application. Pursuant to that order, respondent's answer was due within forty-five days, and petitioner's traverse was due thirty days thereafter. Respondent timely filed an answer on June 21, 2010. No traverse was filed in this action within the thirty day period thereafter. On March 12, 2012, this court issued findings and recommendations based on review of the petition, the

/////

answer, and all exhibits filed theretofore.  On March 26, 2012, petitioner filed objections to the findings and recommendations.

On April 17, 2012, the court received petitioner's traverse in mail from California State Prison-Sacramento (CSP-Sacramento).  The traverse was accompanied by a letter from the Warden noting that it had "recently" come to his attention that the traverse had not been delivered to the court.  The traverse was delivered to prison officials for mailing on or about July 8, 2010 and mail metered on July 12, 2010.  No further explanation for the delay has been provided.  On April 23, 2012, petitioner filed notice that he had been informed of the foregoing and he requested a "rehearing" on his petition.  Good cause appearing, the findings and recommendations filed March 12, 2012 will be vacated and the court will issue revised findings and recommendations based on review of the petition, the answer, the traverse, and relevant exhibits.

FACTS

Petitioner was charged with battery on an inmate with a weapon following an incident that occurred on September 2, 2008 on the C-Facility Yard at California State Prison-Sacramento (CSP-Sacramento).  Respondent's Ex. 2 at Ex. D.  A Classification Staff Representative ordered the disciplinary reheard.  Respondent's Ex. 2 at Ex. C.  The rehearing occurred on February 25, 2009, and petitioner was found guilty of the charge of battery on an inmate causing serious injury.  Id.  He was assessed 360 days loss of credits.  Id.  Petitioner filed an administrative grievance claiming, inter alia, insufficient evidence to support the conviction and inadequate assistance by the assigned investigative employee.  Id.  Petitioner's appeal was denied at each level at which it was reviewed in the administrative process.  See Respondent's Ex. 2 at Ex. A.

Petitioner's request for habeas corpus relief in the California courts was also denied at each level of the state court system.  See Respondent's Exs. 3, 6 and 7.  The last reasoned rejection of his claims is the decision of the Sacramento County Superior Court.  See id.

ANALYSIS

I. Standards for a Writ of Habeas Corpus

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (internal citations omitted) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

/////

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

II. Petitioner's Claims

As noted above, petitioner raises two challenges to the disciplinary conviction. First, he contends that there is insufficient evidence to support the conviction. Second, he contends that the assistance provided by the assigned investigate employee was inadequate in that the investigative employee failed to present questions raised by petitioner to three correctional officers who were at the scene of the September 2, 2008 incident.

As noted above, the last reasoned state court rejection of petitioner's claims is the October 27, 2009 order of the Sacramento County Superior Court denying petitioner's petition for a writ of habeas corpus. The state court found "some evidence" to support the finding that petitioner was guilty of the rules violation, as follows:

> At the time that the offense was committed, CCR section 3005© read, in pertinent part: "Inmates shall not willfully commit or assist another person in the commission of a violent injury to any person or persons..." The standard for judicial review of a finding by a prison hearing officer is whether there is "some evidence" to support the hearing officer's conclusion (*Superintendent v. Hill* (1985) 472 U.S. 445, 456-457; *In re Powell* (1988) 45 Cal.3d 894, 903-904). This standard is met if there was some evidence from which the conclusion of the hearing officer could be deduced. Ascertaining whether this standard is satisfied does not required examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. (*Superintendent v. Hill, supra,* at pp. 455-456.) Even just one piece of evidence may be sufficient to meet the "some evidence" requirement, if that evidence has "sufficient indicia of reliability." (*Bruce v. Ylst* (2003) 351 F.3d 1283, 1288; *Cato v. Rushen* (1987) 824 F.2d 703, 705 ["relevant question is whether there is any evidence in the record that *could* support the

/////

      conclusion reached by the disciplinary board" (citing (*Superintendent v. Hill* (1985) 472 U.S. 445, 455-456)].)

      In this case, petitioner was positively identified as being one of the aggressors during the altercation in that he was specifically observed to be punching and kicking at least one of the victims. The fact that petitioner did not receive any injuries while the two victims sustained multiple injuries supports his identification as an aggressor rather than a mutual combatant. This evidence is sufficient, under the some evidence standard, to support the SHO's finding. That petitioner was not shown to have used a weapon is irrelevant.

Respondent's Ex. 3, In the Matter of Michael Arreygue, Case No. 09F06686, slip op. at 1-2.

The superior court rejected petitioner's second claim on the grounds that applicable regulations "do no require that an IE ask prospective witnesses any of the questions requested by an inmate" and petitioner received the investigative employee's report in plenty of time to request the presence of any witnesses, including the three officers, and he chose not to do so. Id. at 2-3.

The United States Supreme Court has held that "[w]here a prison disciplinary hearing may result in the loss of good time credits, ... the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity ... to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974)). In addition, the decision must be supported by "some evidence." Superintendent v. Hill, id.

In his traverse, petitioner contends that the evidence used to support the disciplinary conviction is insufficient because inconsistencies in the reports render the evidence unreliable. Specifically, petitioner contends that while the injuries suffered by the victims were consistent with being inflicted by a weapon no one saw him using a weapon and he was found not guilty of using a weapons, and he argues that he could not have inflicted puncture or

laceration wounds with his fists. Traverse, filed April 17, 2012, at 6. Petitioner also contends that both victims stated that petitioner did not attack them in any way. Id. Petitioner contends that the only reason he was found guilty of the charges was because of the injuries sustained by the victims, and, as noted above, that he could not have inflicted those injuries because he did not possess a weapon. Id. at 6-7.

        Petitioner was found guilty of battery on an inmate causing serious injury. See Ex. 5 to Answer at Ex. D. The hearing officer's decision was based on a report by Correctional Sergeant R. Towns stating that he witnessed petitioner engaged in mutual combat, and that petitioner was one of four inmates attacking two other inmates, a statement made by a correctional officer to an investigative employee that he saw petitioner and another inmate on top of "an unidentified inmate", a supplemental report by Lieutenant R. Ramos documenting the same information provided by Correctional Sergeant Towns, a medical report that inmate Mendoza had suffered a laceration that required a stitch and inmate Rodriguez had suffered a puncture wound to his back, and photographic evidence. Id.[1]

        The victims statements cited by petitioner reflect that both of them denied they were fighting with petitioner, and denied that they were assaulted by petitioner with a weapon. See Ex. B to Petition, filed April 29, 2010. These statements, without more, do not undermine the sufficiency of the evidence relied on by the hearing officer to support the guilty finding. Moreover, it is not the province of this court to reweigh the evidence surrounding the events that led to petitioner's disciplinary conviction; the sole question before this court is whether the state court's determination that there was sufficient evidence to support the disciplinary conviction is supported by the record.[2]

/////

---

[1] The hearing officer also reviewed a videotape and specifically noted that it "had no evidentiary value." Id.

[2] For that reason, petitioner's request for an evidentiary hearing will be denied.

1    After review of the record herein, the court finds that the state court's
2 determination that there was some evidence to support the disciplinary conviction is fully
3 supported by the record. The state court's rejection of petitioner's due process claim that there
4 was insufficient evidence to support the disciplinary conviction was based on a reasonable
5 determination of the facts.[3] Accordingly, petitioner's first claim should be denied.

6    Petitioner's second claim should also be denied. A prison inmate only has a
7 federal due process right to assistance in prison disciplinary proceedings if the inmate is illiterate
8 or "the complexity of the issue makes it unlikely that the inmate will be able to collect and
9 present the evidence necessary for an adequate comprehension of the case." Wolff, 418 U.S. at
10 570. There is no evidence that either condition was present in the situation at bar. The state
11 court's rejection of this claim was consistent with the foregoing principle of United States
12 Supreme Court jurisprudence. Petitioner's second claim should be denied.

13    For all of the foregoing reasons, petitioner's application for a writ of habeas
14 corpus should be denied. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the
15 United States District Courts, "[t]he district court must issue or a deny a certificate of
16 appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. §
17 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has
18 made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The
19 court must either issue a certificate of appealability indicating which issues satisfy the required
20 showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).
21 For the reasons set forth in these findings and recommendations, petitioner has not made a
22 /////

---

[3] Petitioner argues that neither the reporting employee's description of the September 2, 2008 incident nor C/O Blumenschein's statement are contradicted by other evidence in the record. However, as the state court correctly noted, in reviewing a prison disciplinary conviction courts "do not examine the entire record, independently assess witness credibility, or reweigh the evidence." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir.2003).

substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's April 23, 2012 request for further review of his petition is granted;

2. The findings and recommendations filed March 12, 2012 are vacated;

3. Petitioner's request for evidentiary hearing is denied; and

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be denied; and

2. The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 2, 2012.

UNITED STATES MAGISTRATE JUDGE

12
arre1050.157rev